685 So.2d 1358 (1996)
Jane A. KING, as Personal Representative of the Estate of Joseph "Louie" King, III, Deceased, Appellant/Cross-Appellee,
v.
CUTTER LABORATORIES, DIVISION OF MILES, INC., Appellee/Cross-Appellant, and
Armour Pharmaceutical Company, Alpha Therapeutic Corporation, and Baxter Healthcare Corporation, Appellees.
No. 95-03323.
District Court of Appeal of Florida, Second District.
June 28, 1996.
Maron E. Lovell of Williams, Brasfield, Wertz, Fuller, St. Petersburg, and James C. Blecke of Deutsch & Blumberg, P.A., Miami, for Appellant.
Alan C. Sundberg, Sylvia H. Walbolt and Edward W. Gerecke of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for Appellee Armour Pharmaceutical Company.
David I. Bell of Knapp, Petersen & Clark, Glendale, California, and Jeffrey B. Shapiro of Herzfeld & Rubin, Miami, for Appellee Alpha Therapeutic Corp.
Duncan Barr and James Beltzer of O'Connor, Cohn, Dillon & Barr, San Francisco, *1359 California, and Patricia E. Lowry and David Ferguson of Steel Hector & Davis, West Palm Beach, and Geoffrey R.W. Smith of Piper & Marbury, L.L.P., Washington, D.C., for Appellee Cutter Laboratories, Division of Miles, Inc.
Robert Limbacher of Dechert Price & Rhoads, Philadelphia, Pennsylvania, and David R. Tyrrell of Hill, Ward & Henderson, P.A., Tampa, for Appellee Baxter Healthcare Corporation.
William L. Earl, Judith S. Kavanaugh of Earl, Blank, Kavanaugh & Stotts, P.A., and James R. Green of Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, and Robert E. Turffs of Kanetsky, Moore & DeBoer, P.A., Venice, Amicus Curiae by Academy of Florida Trial Lawyers, for Appellant.
Beverly A. Pohl, Fort Lauderdale, and Bruce S. Rogow of Bruce S. Rogow, P.A., Fort Lauderdale, Amicus Curiae by Associated Industries of Florida, for Appellees.
PER CURIAM.
Joseph "Louie" King, III, a hemophiliac, died of Acquired Immune Deficiency Syndrome (AIDS) after using Factor VIII concentrate, a blood product. His wife, Jane King, brought an action for wrongful death against the four manufacturers who marketed the product in Florida. Mrs. King was unable to identify the manufacturer or manufacturers who produced and marketed the Factor VIII concentrate used by her husband. The trial court granted summary final judgment in favor of the defendant manufacturers and Mrs. King appeals. She claims the trial court erred in rejecting as a matter of law the applicability of the market-share alternate theory of liability in this case. We affirm.
The market-share alternate theory of liability was first recognized in Florida in Conley v. Boyle Drug Company, 570 So.2d 275 (Fla.1990), a case involving the prescription drug diethylstilbestrol (DES). DES was manufactured by hundreds of companies using one chemical formula. The drug was marketed for prevention of miscarriages until medical researchers established a possible link between exposure to DES while in utero and the development in young women of cancer. 570 So.2d at 279 n. 1. The young women were often unable to identify the manufacturer of the DES their mothers had ingested and thus were unable to prove causation under traditional negligence standards. Under the market-share alternate theory, a DES plaintiff who was unable to meet the traditional identification requirement could commence suit against one or more defendants, alleging that: she had made a reasonable attempt to identify the manufacturer responsible for her injury; her mother took DES while pregnant with her; DES caused her injuries; the defendant produced or marketed the type of DES taken by the mother; and the defendant or defendants acted negligently in producing or marketing the DES. 570 So.2d at 286.
The market-share alternate theory of liability has not been extended by Florida courts to products other than DES. In Celotex Corporation v. Copeland, 471 So.2d 533 (Fla.1985), the supreme court held that the market share theory was an inappropriate vehicle with which to apportion liability for an asbestos-related injury. The court's principal reason for declining to extend the theory was the fact that the plaintiff was able to identify many manufacturers of the products to which he had been exposed. 471 So.2d at 537. As noted in Conley, however, the supreme court's rejection of the theory in Celotex was also based on the fact that asbestos products have different physical characteristics and present differing risks of harm. See Conley, 570 So.2d at 280 n. 6. The Celotex court noted that because of the differing toxicities of asbestos products, courts would have to determine how to apportion liability for the differing harmful effects of the different products. 471 So.2d at 538. Thus, "[t]he majority of courts that have addressed this issue have recognized the inherent problems in the approach and have rejected the market share theory as a means of apportioning liability for injuries caused by toxic substances." Id.
*1360 These same inherent problems exist in applying market-share alternate liability in Factor VIII concentrate cases. Factor VIII concentrate products do not share a uniform composition. Factor VIII is collected from various plasma donors at various sites across the nation. Thus, each plasma pool from which the concentrate is processed is different. Each manufacturer uses a different proprietary method to prepare its concentrate. Although it appears from the record that Human Immunodeficiency Virus (HIV) was contained in each defendant's blood products at the times relevant to Mr. King's use of the products, the defendants presented unrefuted expert testimony that the presence of HIV in the product is not the same as the product being infectious. Because there is no indication that every unit of Factor VIII concentrate was uniformly infectious, it cannot be said that every unit created a uniform risk of harm.
Because the supreme court rejected the market share theory in Celotex based, in part, on the differing risk of harm and divergent toxicities among asbestos products, we cannot conclude that the supreme court intended for the theory to be extended to a case such as the one before us. We therefore affirm the summary final judgment entered in this case. However, we certify the following question as a matter of great public importance:
WHETHER THE MARKET-SHARE ALTERNATE THEORY OF LIABILITY, AS DEVELOPED IN CONLEY V. BOYLE DRUG COMPANY, 570 So.2d 275 (Fla.1990), EXTENDS TO CASES INVOLVING THE TRANSMISSION OF HIV THROUGH FACTOR VIII CONCENTRATE PROCURED FROM MULTIPLE SOURCES?
We need not address the cross-appeal of appellee Miles, in light of our decision.
Affirmed.
THREADGILL, C.J., and SCHOONOVER and FRANK, JJ., concur.